**FILED**
**CLERK**

11:18 am, Apr 12, 2019

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
PETER KARLIN, individually and on behalf of
himself and all others similarly-situated,

                    Plaintiff,

          -against-

MCS MORTGAGE BANKERS, INC.,
DAVID KOTKIN, in his professional and
individual capacities, STEPHEN PETUCK,
in his professional and individual capacities,
and FRANK WALTER, in his professional
and individual capacities,

                    Defendants.

------------------------------------------------------------X

MEMORANDUM OF
DECISION & ORDER
2:17-cv-06011 (ADS)(SIL)

## APPEARANCES:

**Stevenson Marino LLP**
*Counsel for the Plaintiff*
75 Maiden Lane Suite 402
New York, NY 10038
          By:     Justin Robert Marino, Esq.,
                  John Russell Stevenson, Esq., Of Counsel.

**Kerr LLP**
*Counsel for the Defendants*
44 Wall Street 12th Floor
New York, NY 10005
          By:     William B. Kerr, Esq., Of Counsel.

**Nixon Peabody LLP**
*Counsel for the Defendants*
50 Jericho Quadrangle Suite 300
Jericho, NY 11753
          By:     David Adam Tauster, Esq., Of Counsel.

1

**SPATT, District Judge**:

Presently before the Court is plaintiff Peter Karlin's (the "Plaintiff") October 3, 2018 motion, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 15(a)(2) and/or 15(d) to amend to add additional claims of retaliation pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). For the reasons set forth below, the Court denies the Plaintiff's motion.

## I. BACKGROUND

On October 14, 2017, the Plaintiff filed the Complaint asserting, on behalf of himself and all others similarly situated, that the Defendants (1) violated the FLSA and NYLL by failing to pay overtime; and (2) violated the NYLL by failing to provide accurate wage statements and notice and acknowledgment of pay forms, and by failing to remit additional consideration and severance as a result of a severance agreement between the Defendants and a third-party.

Following the Defendants' Answer on February 26, 2018, the Plaintiff filed the First Amended Complaint on April 9, 2018, adding a sixth cause of action pursuant to NYLL § 215 for retaliation.

On May 14, 2018, the Defendants answered the First Amended Complaint. In the Answer, MCS asserted counterclaims against the Plaintiff for breach of his employment contract and for attorney's fees and costs for breach of said contract, claiming that the Plaintiff improperly solicited and diverted, *inter alia*, confidential information and customers to a competitor of MCS.

On June 4, 2018, the Plaintiff filed a motion to amend seeking to add additional retaliation claims based on the Defendants' inclusion of the of the counterclaims in their Answer.

On October 3, 2018, the Court denied the motion without prejudice for failure to attach a proposed amended complaint

On October 4, 2018, the Plaintiff filed the instant motion with a Proposed Second Amended Complaint ("PSAC"). In the PSAC, the Plaintiff claims that retaliatory animus motivated the Defendants' filing of counterclaims.

First, the PSAC alleges that during a call on or about August 12, 2016, Kotkin said to a colleague of the Plaintiff, "I will pay everyone, except – non-negotiable – I'm not paying Peter Karlin. . . . He can sue me and then what I'll do is that I've already spoke to Deborah McKenzie (i.e., a governmental regulator) . . . . And Peter Karlin will never work in this industry. Or, he can take the high road and say, you know, he knows what he did and I don't care what he does with the records."

Second, the PSAC alleges that on or about August 17, 2016, Kotkin said the following to a colleague of the Plaintiff:

Colleague: Q. "Are you trying to say if I walk away from the money that is owed to me that this [i.e., governmental investigation] is going to disappear, this is going to go away?"

Kotkin: A. "Yes, it takes a different, a different approach. That's what I'm saying."

Colleague: "Q. Tell me how?"

Kotkin: A. "Because then I may not have to disclose you. That's how."

According to the Plaintiff, the Defendants have never sought to enforce similar alleged breach of non-solicitation provisions in any contracts with any other employee who did not first assert claims for the recovery of wages pursuant to the FLSA and NYLL.

## II. DISCUSSION

### A. THE LEGAL STANDARD

Where, like here, a party already amended its pleading as a matter of course, Rule 15(a)(2) specifies that "party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts have construed

the rule liberally and have said that "the purpose of Rule 15 is to allow a party to correct an error that might otherwise prevent the court from hearing the merits of the claim." *Safety–Kleen Sys., Inc. v. Silogram Lubricants Corp.*, No. 12-cv-4849, 2013 WL 6795963, at *2 (E.D.N.Y. Dec. 23, 2013) (quoting *Chapman v. YMCA of Greater Buffalo*, 161 F.R.D. 21, 24 (W.D.N.Y. 1995)); *see also Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (finding a "strong preference for resolving disputes on the merits").

A court should deny leave to amend only "in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the nonmoving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (per curiam).

"The party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial." *Fariello v. Campbell*, 860 F.Supp. 54, 70 (E.D.N.Y. 1994) (Spatt, J.); *see also European Cmty. v. RJR Nabisco, Inc.*, 150 F.Supp.2d 456, 502–03 (E.D.N.Y. 2001); *Saxholm AS v. Dynal, Inc.*, 938 F.Supp. 120, 123 (E.D.N.Y. 1996). The opposing party likewise bears the burden of establishing that an amendment would be futile. *See Blaskiewicz v. County of Suffolk*, 29 F.Supp.2d 134, 137–38 (E.D.N.Y. 1998) (citing *Harrison v. NBD Inc.*, 990 F.Supp. 179, 185 (E.D.N.Y. 1998) (Spatt, J.)).

Proposed amendments are futile when they "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)).

Under the *Bell Atlantic v. Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." 550 U.S. 544, 570, 127 S.Ct. 1955, 1973, 167 L.Ed.2d 929 (2007). The Second Circuit has explained that, after Twombly, the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks and alterations omitted)).

B. APPLICATION TO THE FACTS.

Under FLSA § 215(a)(3) and NYLL § 215(1)(a), it is unlawful to discriminate against an employee because that employee "has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA]." 29 U.S.C. § 215(a)(3). To make a *prima facie* retaliation claim, the Plaintiff must show: "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Flores v. Mamma Lombardis of Holbrook, Inc.*, 942 F.Supp.2d 274, 278 (E.D.N.Y.2013) (quoting *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir.2010)); *see also Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F.Supp.3d 336, 354 (S.D.N.Y. Nov. 21, 2014) ("In order to establish a prima facie case of retaliation under the FLSA, a plaintiff must show '(1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal

connection between the protected activity and the adverse employment action.'") (quoting *Torres v. Gristede's Operating Corp.*, 628 F.Supp.2d 447, 472 (S.D.N.Y.2008)).

The Court finds that the proposed amendments are futile because they lack facts necessary to allege that the Plaintiff suffered an adverse employment action. In *D'Amato v. Five Star Reporting, Inc.*, 80 F. Supp. 3d 395 (E.D.N.Y. 2015) (Spatt, J.), the Court addressed an identical set of facts, stating:

> An adverse employment action must affect the terms, privileges, duration, or conditions of the plaintiff's employment. In particular, a plaintiff must show that the counterclaims had some impact on the plaintiff's employment or prospective employment.
>
> For example, in *Ginsberg v. Valhalla Anesthesia Associates, P.C.*, 971 F.Supp. 144, 148 (S.D.N.Y.1997), the court dismissed a plaintiff's retaliation claims because the "defendant's counterclaims relate to a simple breach of contract that does not reflect negatively on plaintiff's ethical or professional reputation." The court distinguished its case from *Yankelevitz v. Cornell University*, No. 95 Civ. 4593(PKL), 1996 WL 447749 at *5 (S.D.N.Y. Aug. 7, 1996). In Yankelevitz, the court denied the defendants' motion to strike the plaintiffs' retaliation claim because the counterclaims filed by the defendants alleged that the plaintiff improperly performed an audit, which "shed a negative light on plaintiff's professionalism and ethics in a profession that holds such qualities in high regard."
>
> Here, as in Ginsberg v. Valhalla Anesthesia Associates, P.C., the Defendants' counterclaims related to "a simple breach of contract." 971 F.Supp. at 148. The Plaintiff does not allege any facts that could plausibly suggest that her reputation or job prospects have been affected by the Defendants' counterclaims.
>
> Accordingly, the Court denies the Plaintiff's motion with respect to her retaliation claims under the FLSA and NYLL, grants the Defendants' cross-motion with respect to those claims, and dismisses the Plaintiff's retaliation claims.

*Id.* at 420. The counterclaims in this case similarly only assert a "simple breach of contract" and the Plaintiff alleges no articulable harm to his employment or prospective employment. As a result, the PSAC is deficient as a matter of law.

According to the Plaintiff, the Supreme Court's opinion in *Burlington Northern & Santa Fe Railroad Company v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006), which dictates that a plaintiff need not be currently employed in order to allege retaliation, saves his

claim. The Court recognizes "[i]n the wake of *Burlington Northern*, there is now a 'substantial question' as to the validity of precedent holding that a post-termination lawsuit or counterclaim may not be an adverse employment" action. *Mohamed v. Sanofi-Aventis Pharm.*, No. 06-cv-1504, 2009 WL 4975260, at *23 (S.D.N.Y. Dec. 22, 2009). However, the Court concurs with the post-*Burlington Northern* cases which found that the Supreme Court's opinion did not erase the requirement that the adverse action have some form of impact on the plaintiff's working conditions. *See Marchuk v. Faruqi & Faruqi, LLP*, 100 F. Supp. 3d 302, 311 (S.D.N.Y. 2015) (granting judgment as a matter of law where the defendants "lacked control over any aspect of [the plaintiff's] working conditions" and the plaintiff did "not identify any aspect of her working conditions that changed after the counterclaim was filed"). A breach of contract counterclaim filed nearly two years after the Defendants employed the Plaintiff is not likely to deter a reasonable worker from bringing an FLSA claim absent further factual allegations omitted from the PSAC.

Assuming the PSAC included such facts, the Plaintiff's retaliation claim would still fail because the Defendants' counterclaims do not appear to be baseless. *See Pawlowski v. Kitchen Expressions Inc.*, No. 17-cv-2943, 2017 WL 10259773, at *5 (E.D.N.Y. Dec. 15, 2017) ("Because plaintiff's retaliation claims can survive only if defendants' counterclaim is baseless and because defendants' counterclaim is not baseless, plaintiff's retaliation claims must be dismissed."); *Schanfield v. Sojitz Corp. of Am.*, 663 F. Supp. 2d 305, 342 (S.D.N.Y. 2009) ("I can see nothing in Title VII or any other anti-discrimination statute that should prevent an employer from bringing a legitimate claim against a current or former employee simply because that employee has complained about what the employee believes to be discriminatory behavior."). The counterclaims allege facts that, if true, would state a claim for breach of the Plaintiff's employment agreement. Neither the PSAC nor the Plaintiff's motion papers contain any explanation of why the

counterclaims lack a foundation in law or fact other than the conclusory assertion that they are "frivolous." In the Court's view, these assertions are plainly insufficient to allege that the counterclaims are baseless.

Therefore, the proposed amendments fail to state a claim for retaliation.

### III.  CONCLUSION

For the foregoing reasons, the Court denies the Plaintiff's motion to amend.


It is **SO ORDERED**:

Dated:  Central Islip, New York

April 12, 2018

_____/s/ Arthur D. Spatt_____

ARTHUR D. SPATT

United States District Judge